# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**William Coles,**

      Petitioner,

      v.

**WARDEN,
CORRECTIONAL INSTITUTION**

      Respondent.

Case No. 2:19-cv-3076
Judge James L. Graham
Magistrate Judge Kimberly A. Jolson

## ORDER and REPORT AND RECOMMENDATION

Petitioner has filed a *pro se* petition invoking 28 U.S.C. § 2254. (Doc. 1.) This case has been referred to the Undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges. This matter is before the Court for initial review required by 28 U.S.C. § 2243, which provides that a court that receives an application for a writ of habeas corpus must award a writ or order a response to the application "unless it appears from the application that the applicant or person detained is not entitled thereto." For the following reasons, it plainly appears that Petitioner is not entitled to habeas relief. Accordingly, the Magistrate Judge **RECOMMENDS** that the petition be **DENIED** and that this action be **DISMISSED**. The Magistrate Judge further **DENIES** Petitioner's motion to stay (Doc. 2), and **DENIES** Petitioner's motion for the appointment of counsel (Doc. 3.)

# Background[1]

According to the petition and its exhibits, in 1986, Petitioner was convicted of two counts of rape pursuant to a guilty plea entered in the Court of Common Pleas for Franklin County, Ohio. (Doc. 1–3, at PAGEID # 18.) He was sentenced to two concurrent prison terms of eight to 25 years. (*Id*.) Petitioner did not file an appeal. (Doc. 1, at PAGEID # 2.)

On November 29, 2001, the state trial court conducted a hearing to determine if Petitioner was required to register as a sex offender pursuant to Ohio's sex offender-registration statute that was in effect at that time— "Megan's Law." (Doc. 1–3, at PAGEID # 34.) Megan's Law identified three categories of sexual offenders: sexually oriented offenders, habitual sex offenders, and sexual predators. The state trial court concluded that Petitioner was a sexual predator pursuant to that statutory scheme and that he was required to register as such. (*Id*.) Petitioner was released from incarceration on September 7, 2005. (*Id*. at PAGEID # 21.)

In 2008, Ohio reorganized its sexual-offender registration scheme and did away with the categories described above in favor of "Tiers" (Tier I, Tiers II, and Tier III) to which offenders were assigned on the basis of their offenses of conviction and their criminal history. (*Id*.) Petitioner was reclassified as a Tier III offender under that new scheme. (*Id*.) On August 13, 2008, Petitioner filed a petition contesting his reclassification as a Tier III offender. (*Id*.)

While his petition contesting his reclassification was pending in the state trial court, Petitioner filed a habeas petition in this court under § 2254, alleging that his Constitutional rights were violated because: reformatory inmates were housed with penitentiary inmates; the state had no jurisdiction to detain him; the 1986 plea agreement had been breached; Petitioner had served 24 years already; the adult parole authorities denied Petitioner counsel during parole proceedings;

---

[1] This background, based on Petitioner's allegations and exhibits, is accepted as true for the purposes of this initial analysis.

Petitioner's parole conditions were prohibiting him from becoming a productive member of society; the adult parole authority had engaged in retaliatory practices; and that being labeled a sexual predator constituted cruel and unusual punishment. (*Coles v. State of Ohio*, 2:09-cv-1176, Doc. 1.) Petitioner did not, however, contest his reclassification as a Tier III offender. In January of 2010, this Court concluded that Petitioner's conviction-related claims were time-barred, that Petitioner had failed to exhaust his administrative remedies before bringing his parole-related claims, and that Petitioner's claims related to the conditions of his incarceration were not appropriate for review under the federal habeas statutes. (*Id*., at Docs. 2, 3.) The action was dismissed.

On January 9, 2015, the state trial court granted Petitioner's petition contesting his reclassification because the Ohio Supreme Court had concluded that Ohio's reorganized sex-offender registration scheme was unconstitutional. (Doc. 1–3, at PAGEID # 19–20.) Accordingly, the state trial court vacated Petitioner's Tier III classification, reinstated Petitioner's classification as a sexual predator under Megan's Law, and reinstated the requirement that he register as sex offender under that law. (*Id*.)

It appears that Petitioner was subsequently indicted in the state trial court in two criminal cases for failing to register as a sex offender (*State of Ohio v Coles*, 17-cr-5028; *State of Ohio v. Coles*, 19-cr-3287). (Doc. 2, at PAGEID ## 52, 53, 55.) The public docket maintained by the Clerk of Court for Franklin County, Ohio, indicates that Petitioner has not been convicted of those charges in those cases. Indeed, it appears that trial is scheduled for August 29, 2019, in one of them. (*State of Ohio v. Coles*, 17-cr-5028, August 5, 2019.)

On July 16, 2019, this Court received the instant petition for federal habeas relief. (Doc. 1.) Although not entirely clear, it appears that Petitioner asks this Court to restrain the state

trial court from prosecuting him for failing to register as a sex offender. (Doc. 1, at PAGEID # 15.) Specifically, Petitioner asks this Court to "nullify, vacate, set aside all legal action and charges arriving from 2015 sexual predator decision." (*Id.*) Petitioner also separately moves this Court for an Order staying the state trial court's current proceedings (Doc. 2), and for the appointment of counsel (Doc. 3.) In support of his requests for relief, Petitioner asserts that the state trial court's decision to reinstate his sexual predator classification in 2015 was unlawful, and he describes the many ways in which his classification as a sexual predator has impeded his ability to meaningfully reintegrate into society.

**Law and Analysis**

Petitioner's claims are not properly asserted under § 2254.[2] Construing the *pro se* petition liberally, the Magistrate Judge concludes that Petitioner does not challenge his original state court conviction, and that he instead challenges the two current state court proceedings. Section 2254, however, applies in post-trial situations where a state prisoner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Although it appears that he has been criminally charged in those two state court cases for failing to comply with Ohio's sex-offender registration requirements, it does not appear that he has been convicted of any charges in those cases.

A state pre-trial detainee can seek, however, federal habeas relief under § 2241. *Phillips v. Court of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012); *Atkins v. Michigan,* 644 F.2d 543, 546 n. 1 (6th Cir.1981). Nevertheless, it is not clear that Petitioner is a pre-trial detainee. Petitioner indicates that he is incarcerated at the Ohio Reformatory for Boys,

---

[2] Petitioner may have intended to allege a claim under 42 U.S.C. § 1983 given that he also asks this Court to award him money damages. (Doc. 1, at PAGE ID # 15.) To the extent he wishes to do so, he must initiate a separate action under that statute and pay the applicable filing fee or seek leave to proceed *in forma pauperis*.

4

but he has provided the Court with what appears to be a residential mailing address. (Doc. 1, at PAGE ID ## 1, 15.)

Moreover, even if Petitioner were to establish that he is a pre-trial detainee and that he is attempting to challenge that custody, federal courts generally abstain from exercising jurisdiction over such a case "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins,* 644 F.2d at 546. Abstention is justified under the doctrine of comity, and courts have developed an exhaustion requirement in order to protect the state courts' opportunity to confront and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state court processes. *Id. See also Phillips*, 668 F.3d at 811 n.4 (explaining that decisional law has imposed an exhaustion requirement for § 2241 petitions in order to accommodate principles of federalism). Accordingly, federal courts abstain from exercising jurisdiction over pre-conviction habeas petitions unless a petitioner demonstrates that special or exceptional circumstances warrant federal habeas intervention and that the Petitioner has exhausted all available remedies in state court. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973).

Even construing the petition liberally, Petitioner alleges no special or exceptional circumstances that might warrant federal pre-trial intervention in the state court criminal proceedings. Nor does he allege that he has exhausted state remedies. The Magistrate Judge therefore concludes that this Court should abstain from intervening in the pending state proceedings and that the petition should be **DENIED**. (Doc. 1.) For the same reasons, the Magistrate Judge **DENIES** Petitioner's motion to stay the state court proceedings. (Doc. 2.)

The Magistrate Judge further **DENIES** Petitioner's motion for appointment of counsel. Counsel may be provided for financially eligible persons cases seeking relief under the federal

5

habeas statutes in on non-capital cases if the Court determines that "the interests of justice so requires." 18 U.S.C. § 3006A(a)(2)(B). In this case, Petitioner paid the filing fee and has not pleaded indigency. Nor do the interests of justice require appointment of counsel in these circumstances.

## Recommended Decision

For these reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**. The Clerk is **DIRECTED** to serve a copy of the petition and all subsequent filings on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o:

Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation* ("*R&R*"), that party may, within fourteen days of the date of this *R&R*, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *R&R* will result in a waiver of the right to have the District Judge review the *R&R de novo*, and also operates as a waiver of the right to appeal the decision of the District Court Judge adopting the *Report and*

*Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    **IT IS SO ORDERED**.

Date: August 13, 2019                            /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE