**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

William Coles,

        **Petitioner,**

        **v.**

**Attorney General,
State of Ohio,**[1]

        **Respondent.**

                     **Case No.  2:19-cv-3076
Judge James L. Graham
Magistrate Judge Kimberly A. Jolson**

## <u>OPINION AND ORDER</u>

On August 13, 2019, the Magistrate Judge issued a *Report and Recommendation*

("R&R") recommending that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 be

denied pursuant to 28 U.S.C. § 2243.  (ECF No. 9.)  Petitioner filed timely *Objections* to the

R&R.  (ECF No. 12.)  Pursuant to 28 U.S.C. § 636(b), the Court has conducted a *de novo* review.

For following reasons, Petitioner's *Objections* (ECF No. 12) are **OVERRULED**.  The R&R

(ECF No. 9) is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED**.

As described in the R&R, Petitioner has been indicted for failing to register as a sex

offender under Ohio law in two cases brought in the Court of Common Pleas for Franklin

County, Ohio.  The public docket maintained by the Clerk of that court indicates that Petitioner

has not yet been convicted of those charges and that trial in those matters is scheduled for

February 24, 2020.  (*State of Ohio v. Coles*, 17-cr-5028, December 2, 2019, 2019; *State of Ohio*

---

[1] As the Magistrate Judge explained, it is unclear from the petition if and where Petitioner is being held in custody. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides, however, that notice shall be given to the attorney general of the state involved.  *See also* 28 U.S.C. § 2252.  The Clerk is thus **DIRECTED** to amend the case caption as set forth above.

*v. Coles*, 19-cr-3287, December 2, 2019.) The Magistrate Judge concluded that even though Petitioner used the Court's local form for filing a motion to vacate under 28 U.S.C. § 2255, he appears to be seeking habeas relief prior to his trial in the state court, and thus, his claims are governed by § 2241, which can provide habeas relief to state pre-trial detainees in special circumstances. The Magistrate Judge further concluded, however, that Petitioner does not allege the type of special circumstances that might warrant relief under § 2241. Accordingly, the Magistrate Judge recommended that the petition be denied and that this action be dismissed.

Petitioner does not specifically object to these conclusions. Instead, he appears to complain about the disposition of his prior federal habeas action brought under 28 U.S.C. § 2254. Specifically, he complains that his prior habeas petition, which challenged the state court convictions that apparently resulted in Petitioner having to register as a sex offender, was denied on statute of limitations grounds. (*Coles v. State of Ohio*, 2:09-cv-1176, ECF 1, 3.) Petitioner cannot, however, use a new federal habeas action to challenge the disposition of his prior federal habeas action. Moreover, although it appears that Petitioner seeks federal pre-trial habeas relief from the pending state court proceedings, it appears in the objections that he might also challenge his sexual predator classification. To the extent he does, that is not a proper basis for federal habeas relief— it is well-settled in the Sixth Circuit that a petitioner's sexual predator designation does not constitute custody for purposes of the federal habeas statutes. *Hautzenroeder v. DeWine*, 887 F.3d 737, 740–41 (6th Cir. 2018); *Leslie v. Randle*, 296 F.3d 518 522–23 (6th Cir. 2002).

For these reasons, the Court concludes that Petitioner's objections are without merit. This action is **DISMISSED**.

**IT IS SO ORDERED.**

**Date:**   December 6, 2019                    /s/ *James L. Graham*
                                               **JAMES L. GRAHAM**
                                               **United States District Court Judge**